# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL DIAZ,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:16CR181DAK<br><br>**Judge Dale A. Kimball** |

      This matter is before the court on Defendant's request for early termination of supervised release. On November 3, 2009, the U.S. District Court in Mississippi sentenced Defendant to 96 months incarceration and 60 months of supervised release for failure to report as a sex offender. Defendant began serving his supervised release on February 17, 2016, and Defendant's case was transferred to this district. Defendant's United States Probation Officer contacted the Assistant United States Attorney who prosecuted Defendant's case and he opposes early termination. Defendant's Probation Officer has also provided the court with a supervision summary.

      Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be

considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's Probation Officer states that Defendant has been fully compliant while on supervised release, has completed mental health treatment, and is currently participating in sex offender treatment. Defendant has taken many positive steps to turn his life around. However, the court believes that the structure of reporting to his Probation Officer and attending treatment is beneficial to Defendant. Remaining on supervised release enables Defendant to continue with treatment, which the court believes should continue throughout Defendant's term of supervised release. Defendant's term of supervised release is consistent with the length of his sentence and will hopefully provide Defendant with the necessary time to receive treatment. Because the court believes that Defendant will benefit from supervision, the court denies Defendant's motion for early termination of supervised release.

DATED this 27th day of August, 2018.

BY THE COURT:

DALE A. KIMBALL
United States District Judge